# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS UNITED AND )<br>DAILY CALLER NEWS )<br>FOUNDATION )<br>      Plaintiffs, )<br>                  )<br>v.                )<br>                  )<br>U.S. DEPARTMENT OF JUSTICE, )<br>                  )<br>      Defendant. )<br>_____ ) | Civ. A. No. 1:20-cv-00974 (CKK) |

## THIRTEENTH JOINT STATUS REPORT

In accordance with the Parties' Twelfth Joint Status Report, dated January 21, 2022, ECF No. 19, in this Freedom of Information Act ("FOIA") litigation, the parties report as follows:

1.  This is a FOIA case in which Plaintiffs Citizens United and Daily Caller News Foundation ("Plaintiffs"), seek records from the U.S. Department of Justice's ("DOJ") Office of the Inspector General ("OIG") pertaining to what Plaintiffs allege was "the Department of Justice Inspector General's Investigation entitled 'Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation.'" Compl. ¶ 7, ECF No. 1.

2.  Plaintiffs' Complaint describes their FOIA request as seeking the following:

All interview transcripts, interview summaries, interview notes and/or FBI 302s generated as a result of investigative interviews of the following individuals in the course of the Department of Justice Inspector General's investigation entitled 'Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation.'

- James Comey; Loretta Lynch; Sally Yates; Dana Boente; Andrew McCabe; Rod Rosenstein; James Baker; Bruce Ohr; Nellie Ohr; Christopher Steele; Peter Strzok; Lisa Page; Bill Priestap; Katheen Kavalec; Andrew Weissmann; Zainab Ahmad; Bruce Swartz; Stuart Evans; Michael Atkinson; John Carlin; Mary McCord; George Toscas; David Laufman; James Rybicki; Michael Kortan; Case Agent 1; and Handling Agent 1.

1

Compl. ¶ 7, ECF No. 1.

3. In the Parties' first JSR, filed on June 19, 2020, *see* ECF No. 8, OIG reported that all of the documents potentially responsive to Plaintiffs' request are maintained on a classified system(s) and can only be reviewed in a Sensitive Compartmented Information Facility ("SCIF") in OIG's offices. In response to the COVID-19 crisis, OIG went into a maximum telework posture and only authorized personnel to go to the office to perform mission critical functions. OIG did approve a single OIG non-attorney staff member already authorized to work in the SCIF to collect and disseminate potentially responsive material either for (1) referral to the relevant components for processing (in the case of material generated by a component other than the OIG), or (2) for sensitivity/classification review (*i.e.*, "consultation," in the case of OIG-generated material).

4. On October 30, 2020, OIG sent the FBI 33 potentially responsive interview transcripts for consultation; OIG sent the FBI an additional 5 interview transcripts for consultation on November 16, 2020. The FBI informed OIG that it would not be able to begin reviewing the materials until the beginning of February 2021 due to the backlog resulting from, among other things, the COVID-19 crisis. The FBI has begun its review of approximately 5,300 pages of interview transcripts. In the parties' Eighth JSR, ECF No. 15, OIG reported that the FBI had agreed to use its best efforts to return approximately 500 pages per month to OIG for further processing, beginning on July 16, 2021. OIG further noted that given the classified nature of the material, the FBI might not achieve 500 pages per month. OIG has determined that it has the capacity to process 150 pages a month, and will use its best efforts to do so on a monthly basis.

    a. The FBI provided OIG with 395 pages of material on July 30, 2021, and 342 pages of material on August 19, 2021. OIG informed Plaintiffs by letter to their counsel on October 1, 2021, that OIG had processed all of the material it had

received from the FBI on July 30 and August 19 (a total of 737 pages). OIG informed Plaintiffs that it had identified other equities in the material and had sent the material for consultation to another DOJ component and/or another federal agency. OIG will use its best efforts to process this material once it is returned from consultation on a timely basis.

b. The FBI provided OIG with 410 pages of material on September 17, 2021, and 449 pages of material on October 20, 2021, but difficulties caused by the sensitivity of the material delayed OIG Office of General Counsel's ("OGC") receipt of it. OIG OGC received both tranches of material on November 3, 2021. OIG has the capacity to process 150 pages a month, but agreed to use its best efforts to process 410 pages by the end of November, and to continue its monthly processing going forward.

  i. **Update**: By letter dated December 1, 2021, OIG informed Plaintiffs' counsel that it had processed all 410 pages of material from the first tranche identified in the preceding paragraph, had identified other equities in that material, and had sent the material for consultation to another DOJ component and/or other federal agency. OIG will use its best efforts to process this material on a timely basis once it is returned from consultation.

  ii. By letter dated January 5, 2022, OIG informed Plaintiffs' counsel that it had processed 150 pages of the second tranche of material identified above (449 pages in total). OIG determined that these 150 pages were only a portion of one larger document and would hold off on sending

the document out for consultation until it was processed in its entirety. By letter dated February 5, 2022, OIG informed Plaintiffs' counsel that it had processed another 150 pages of the second tranche of material (leaving 149 pages remaining in that tranche). By letter dated March 2, 2022, OIG informed Plaintiffs that it had finished its initial processing of the second tranche of material, had identified other DOJ components and/or other federal agencies with equities in the material, and had sent the material for consultation to those other components and/or agencies. OIG will use its best efforts to process this material on a timely basis once it is returned from consultation.

c. The FBI provided OIG with more tranches of material on November 18, 2021 (331 pages), December 29, 2021 (434 pages), January 31, 2022 (230 pages), and February 25, 2022 (253 pages). OIG will use its best efforts to process this material at its monthly processing rate of 150 pages per month.

5. With respect to the existence of any potentially responsive interview summaries or notes, on January 12, 2021, OIG sent 41 pdf files containing approximately 1,000 pages of potentially responsive records to the FBI for consultation/sensitivity review. The FBI will begin its review of these records once it has finished its consultation regarding the approximately 5,300 pages referenced in paragraph 4, above. Once OIG begins to receive the material, it will assess its ability to process it and on what schedule.

6. The OIG previously identified 5 additional transcripts and an additional 4 sets of notes that could not be sent electronically because of their level of classification. OIG initially scheduled a delivery date of February 5, 2021 to provide these materials to the FBI. But after

further discussions with the FBI, OIG determined that it would be most efficient to have another third-party agency conduct a sensitivity review in the first instance. OIG has provided the third-party agency with the material, and was informed that the materials would be returned to OIG by September, 2021. The third-party agency reassessed its estimate in November due to the highly sensitive nature of the documents at issue and agreed to use its best efforts to return the materials to OIG by the end of January 2022. However, the material has proven to require close, careful, and time-consuming review by multiple subject matter experts. The third-party agency will use its best efforts to begin returning material back to OIG on a rolling basis by the end of March 2022.

7. Finally, OIG has not identified any FBI 302s in its possession that were generated by OIG as a result of OIG's investigative interviews in the course of the investigation identified in the request.

8. At this time, Defendant does not believe an *Open America* motion is likely. The Parties believe that it is premature to propose a summary judgment briefing schedule.

9. The Parties agree to report to the Court on their progress on **May 25, 2022**.

DATE: March 23, 2022                                       Respectfully submitted,

/s/ *Jeremiah L. Morgan*
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
wjo@mindspring.com (e-mail)

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs

<u>/s/ *Jonathan D. Kossak*</u>
JONATHAN D. KOSSAK
Trial Attorney (DC Bar # 991478)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel. (202) 305-0612; Fax (202) 616-8470
Email:  jonathan.kossak@usdoj.gov

*Counsel for Defendant*